Matter of Feldman (2024 NY Slip Op 03336)

Matter of Feldman

2024 NY Slip Op 03336

Decided on June 18, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,J.P.,
Lizbeth González
Manuel J. Mendez
Bahaati E. Pitt-Burke
John R. Higgitt, JJ.

Motion No. 2023-04909 Case No. 2022-01221 

[*1]In the Matter of Daniel C. Feldman, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Daniel C. Feldman (Admitted as Daniel Caleb Feldman) (OCA ATTY. REG. NO. 2855641), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Daniel C. Feldman, was admitted, as Daniel Caleb Feldman, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 27, 1997.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York City
(Remi E. Shea, of counsel), for petitioner.
Respondent, pro se.

PER CURIAM 

Respondent, Daniel C. Feldman, was admitted to the practice of law in the State of New York by the First Judicial Department on October 27, 1997, under the name Daniel Caleb Feldman. At all relevant times respondent maintained a registered address in the First Judicial Department.
On July 11, 2022, the Attorney Grievance Committee (the Committee) sought to obtain a finding that respondent was guilty of professional misconduct in violation of the Rules of Professional Conduct (RPC)(22 NYCRR 1200.0) rules § 8.4(c) and § 8.4(h) based on adverse findings against respondent at trial in a federal civil action in the United States District Court, Southern District of New York, wherein the jury determined that respondent, while employed as the corporate secretary of an oil company, and not as a lawyer, breached his fiduciary duty to his employer with respect to two separate matters.
In the first matter the plaintiff alleged that respondent as corporate secretary, and in his capacity as trustee of the affiliated oil company's security trust, during the period the corporation was attempting to shield its assets from seizure by the Russian Federation, withdrew $500,000 from the trust funds and invested them for three years in his own name in a private equity hedge fund. Respondent did not tell the trust protector that the assets were invested in respondent's name. The protector upon discovering that the investment was in respondent's name, demanded a return of the funds to the trust account. Respondent returned the funds and was removed as trustee. Respondent's investment in the hedge fund almost doubled in value and plaintiff did not seek compensatory damages.
In the second matter respondent approved a "finder's fee" payment of $2.6 million from a Swiss bank to an oil company employee for help in securing an arrangement with the bank to hold some of the oil company's assets. After respondent approved the "finder's fee," the employee loaned respondent $1.2 million to purchase a house in the Hamptons. The plaintiff alleged that the "finder's fee" was a kickback to respondent in the nature of a loan but did not seek compensatory damages from respondent because the matter was settled with the bank.
The jury awarded the plaintiff $5.00 in nominal damages which was reduced to $3.00 on appeal. Notably, respondent was never charged with committing a criminal offense, and there was no finding [*2]that he was guilty of conversion. The jury also determined that respondent did not act with evil motive or intent, or with reckless disregard or callous indifference to the plaintiff's rights when he breached his fiduciary duty, and that he was not a "faithless servant."
By unpublished order entered August 17, 2022, this Court granted the Committee's motion to the extent of finding respondent guilty of dishonesty and professional misconduct in violation of RPC rules § 8.4(c) and § 8.4(h), and assigned this matter to a Referee to consider the evidence in mitigation and aggravation, if any, and to recommend an appropriate sanction to be imposed.
The Committee, in addition to relying on the trial verdict, as part of its case in aggravation sought to obtain respondent's previously filed tax returns to prove that he had engaged in tax evasion when he failed to pay his taxes despite having sufficient funds. Respondent initially was uncooperative but eventually produced the tax returns.
At the hearing before the Referee, respondent acknowledged that his breach of fiduciary duty in the two matters reflected poor judgment on his part. Respondent stated that in the first matter, as trustee, he was authorized to make the investment, however the private equity hedge fund would not allow the investment to be made in the security trust's name. Respondent acted on the advice of his friend that was the private equity hedge fund's employee and made the investment in his own name. Respondent claimed that the trust protector was informed, the investments were reported on the k-1 tax forms to the trust accountants and on the security trust's tax returns, and he never made any money from these investments, which were highly lucrative as they almost doubled in value.
Respondent stated that in the second matter he had authority to approve the "finder's fee," as the sole director of the entity, and that it was the bank that suggested the fee. At the time he did not view the loan from the employee that received the "finder's fee" as a gift or a kickback. Respondent also produced promissory notes and proof of interest payments on the loan to demonstrate it was not a kickback.
In mitigation respondent presented evidence that he has no prior disciplinary history. Through multiple character letters, and three character witnesses, including an attorney, he presented evidence that he has a favorable reputation in the community for honesty, integrity, and willingness to help others. He also demonstrated that he is under financial hardship since he left the company and that although he has tried to obtain employment, he has not been "gainfully employed" or earned meaningful income in years. His child's illness forced his wife to give up her job to help with childcare and has caused considerable medical bills that were not covered by medical insurance to accumulate. Further proof of his financial difficulties is reflected in an outstanding federal tax lien of $250,849.97, and [*3]an Installment Payment Agreement entered into with the State of New York on which respondent is current.
The Referee found respondent to be a credible witness and that while his actions constituted a breach of his fiduciary duties, were improper and ill advised, they were not motivated by an intent to harm the entities that employed him or to enrich himself. It noted that the jury did not find that respondent converted any funds, or that he acted with an evil motive or intent, or with reckless disregard or callous indifference to the company's rights by engaging in any of the acts for which it earlier found a breach of fiduciary duty with respect to the company; or that respondent acted disloyally under the "faithless servant doctrine." The Referee further noted that respondent was not the subject of criminal charges with respect to this or any other matter; has expressed remorse for his actions and stated that he would not engage in the same conduct again; conveyed a strong sense of humanity; and made contributions to both the community and individuals in need.
As for the factors in aggravation the Referee determined that although respondent had not engaged in tax evasion, there was only one significant factor, respondent's relative lack of cooperation in turning over his tax returns. He should have been more cooperative and diligent in providing tax returns to the Committee, which ultimately, corroborated his financial hardship.
The Referee concluded that a one-year suspension from the practice of law was the appropriate sanction for respondent's misconduct. Additionally, considering that respondent had not practiced law for over 20 years, the Referee recommended reinstatement conditioned on the completion of 48 hours of continuing legal education and the performance of 50 hours of pro bono legal services in the first year of any reinstatement.
The Committee moves to disaffirm the Referee's report and recommendation and for a greater sanction, or at least a sanction of not less than a one-year suspension. Respondent seeks to disaffirm the Referee's report and recommendation and a lesser sanction, or at most a sanction no greater than a one-year suspension.
The Referee's credibility determinations and mitigation findings, which are in large part based on favorable credibility findings regarding the testimony of respondent and his character witnesses, are entitled to deference (Matter of Abady, 22 AD3d 71, 86-87 [1st Dept 2005]; Matter of Weinstein, 4 AD3d 29, 33 [1st Dept 2004], lv denied 3 NY3d 608 [2004]). Upon our review of the record, giving due deference to the Referee's findings and considering respondent's unblemished record of conduct over 20 years, we find the Referee's recommendation to be in accord with this Court's precedent involving comparable conduct, and a one year suspension from the practice of law to be a fair and appropriate sanction under the circumstances (see Matter of Keinan, 204 AD3d 27, 31 [1st Dept 2022]; Matter [*4]of Goldman, 20 AD3d 90, 93-94 [1st Dept 2005]; Matter of Byler, 274 AD2d 275, 278-280 [1st Dept 2000], lv denied 95 NY2d 766 [2000]).
Respondent's actions are distinguishable from those involving intentional conversion of client or third-party funds in the practice of law, that consistently result in the sanction of disbarment (see Matter of Carlos, 192 AD3d 170, 172 [1st Dept 2021]), or suspension greater than a year (Matter of Solny, 96 AD3d 76 [1st Dept 2012]). However, respondent has not demonstrated that a lesser sanction should be imposed given his confirmed breach of fiduciary duty on two separate occasions.
Accordingly, the Committee's motion pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.8 (b), to disaffirm the Referee's Report and Recommendation should be denied, the report and recommendation to impose a one-year suspension from the practice of law confirmed, and respondent is suspended from the practice of law for a period of one year, and until further order of this court. Any conditions regarding respondent's reinstatement are to be addressed at the time respondent applies.
All concur.
It is Ordered that the Attorney Grievance Committee's motion pursuant to 22 NYCRR 1240.8(b), to disaffirm the Referee's report and recommendation is denied, the Referee's report is confirmed, and respondent Daniel C. Feldman, admitted as Daniel Caleb Feldman, is suspended from the practice of law for a period of one year, effective July 18, 2024, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Daniel C. Feldman, admitted as Daniel Caleb Feldman, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that petitioner Daniel C. Feldman, admitted as Daniel Caleb Feldman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if petitioner Daniel C. Feldman, admitted as Daniel Caleb Feldman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: June 18, 2024